# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made between Deena Plotka ("Plotka" or "Plaintiff") and Central Synagogue – Beth Emeth a/k/a Central Synagogue ("Central" or "Defendant"). The Plaintiff and Defendant are referred to collectively as "the Parties."

### RECITALS

Whereas, Plaintiff filed a lawsuit against Defendant on January 8, 2019 captioned Plotka v. Central Synagogue, in the United States District Court for the Southern District of New York bearing the Case Number 19-cv-00194 (the "Action"). The Action was brought pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") and sought to recover unpaid overtime compensation and compensation related to wage notices and wage statements pursuant to NYLL; and

Whereas, Defendant denies Plaintiff's allegations; and

Whereas, to the extent there may be monies owed to Plaintiff under the FLSA and/or NYLL, the Parties acknowledge there is a genuine good-faith dispute over, among other things, the merits of the allegations and the alleged number of hours worked; and,

Whereas, this Court ordered the Parties to mediate the dispute and the Parties reached a resolution with the help of the Court-appointed mediator; and

Whereas, the Parties have considered that the interests of all concerned are best served by compromise, settlement, and the dismissal of the Action with prejudice, and have concluded that the terms of this Agreement are fair, reasonable, adequate, and in their mutual best interests, and,

NOW THEREFORE, in consideration of the mutual terms, conditions and covenants herein set forth, the Parties hereto agree as follows:

1. **Settlement**: The Parties acknowledge and agree that this Agreement and the consideration provided have been and are made and received solely on the basis of a compromise of disputed claims, and that this Agreement is not, and should not be construed as, an admission by Defendant of any liability or wrongdoing whatsoever, nor is it, nor shall it be construed as, an admission of any act of fact whatsoever, including but not limited to any violation of federal, state, local, or common law, statute, ordinance, directive, regulation or order (including executive order).

2. **Payment to Plaintiff**: In return for the good and sufficient consideration set forth herein, Defendant shall pay the gross sum of $50,000 (the "Payment") to be apportioned as follows:

   (A) $16,750, minus tax deductions and withholdings, for claimed unpaid straight and overtime pay, by check made payable to Plotka. Central will issue an IRS Form W-2 to Plotka reflecting this payment.

Timestamp: 6/25/2019 7:29 PM EDT

(B) $ 16,750, for non-wage claimed liquidated damages. Central's receipt of an IRS Form W-9 completed and executed by Plotka is a condition precedent to this payment. Central will issue an IRS Form 1099 to Plotka reflecting this payment.

(C) $ 16,500, for attorneys' fees and costs, by check made payable to Trivella & Forte, LLP. Central's receipt of an IRS Form W-9 completed and executed by Trivella & Forte, LLP is a condition precedent to this payment. Central will issue an IRS Form 1099 to Plotka and Trivella & Forte, LLP reflecting these payments.

The Payment will be made by mailing a check for the respective amounts via overnight mail within fourteen (14) business days of the Court's approval of this Agreement. Plaintiff is solely responsible for complying with any and all taxing obligations arising from receipt of the Payment. Plaintiff hereby indemnifies Defendant from all obligations with respect to taxes that may be due related to the Payment.

3. <u>General Release and Waiver of Rights and Claims by Plaintiff ("Release")</u>: In return for the consideration described above, Plaintiff unconditionally releases and forever discharges Defendant (including affiliated business entities), their agents, employees, successors, and assigns, both individually and in their official capacities, from any and all claims, or causes of action that were asserted or could have been asserted in the Action, which includes all claims under the FLSA and NYLL.

4. <u>Accord and Satisfaction</u>: Should any proceeding be instituted by Plaintiffs with respect to matters herein settled, released or waived pursuant to the Agreement, other than an action to enforce the terms of this Agreement, then this Agreement shall be deemed full accord, satisfaction, and settlement of any such claim(s).

5. <u>Dismissal of the Action</u>: Payment of the Settlement Amount due under this Agreement is contingent upon the Court approving this Agreement. After Payment pursuant to this Agreement is received by Plaintiff, Plaintiff, through counsel, shall file a Stipulation of Dismissal with Prejudice. The Parties agree to use their best efforts to obtain the Court's approval of this Agreement and endorsement of the Stipulation of Dismissal with Prejudice.

6. <u>Entire Agreement</u>: The Parties represent and acknowledge that they have carefully reviewed each and every word of this Agreement to ensure complete understanding of the Agreement's full effect and that it contains the entire understanding between them and that they are not relying upon any representations or statements, written or oral, made by or on behalf of any Party not set forth herein.

7. <u>Inadmissibility of Settlement Agreement</u>: Except for purposes of this Action or to enforce this Agreement, neither this Agreement, its terms, any document, statement, proceeding, or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered, or admitted into evidence nor shall this Agreement be deemed to be evidence for any purpose (other than to enforce this Agreement), including without limitation evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession, or damage.

Timestamp: 6/25/2019 7:29 PM EDT

8. <u>Cooperation in Drafting</u>: The Parties have cooperated in drafting this Agreement and thus this Agreement shall not be construed against any of the Parties.

9. <u>Plaintiff's Consultation with Legal Counsel</u>: Plaintiff represents that she has been advised by her legal counsel regarding this Agreement and Release. Plaintiff further represents that after having had a full opportunity to review and consider the terms and conditions of this Agreement and Release, and having discussed them with her counsel and having had sufficient time to review and consider this Agreement and Release, she fully understands the provisions of this Agreement and Release and has executed it freely and voluntarily.

10. <u>Counterparts</u>: This Agreement may be executed in counterparts and have signatures circulated by email and still be considered valid and enforceable.

11. <u>Severability</u>: If any term or provision of this Agreement is unacceptable to the Court, the Parties agree to work together to maintain the integrity of this Agreement as much as possible while still accommodating the Court's concern or guidance.

IN WITNESS WHEREOF, Plaintiff and Defendant set their hands to this Agreement the ___ day of June 2019.

_____  06/26/2019
Deena Plotka
Plaintiff

_____  6/27/2019
Central Synagogue
Defendant