UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
DEENA PLOTKA,

                          Plaintiff,

      -against-

CENTRAL SYNAGOGUE – BETH EMETH
a/k/a CENTRAL SYNAGOGUE,

                      Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/23/2019

19 Civ. 194 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff brings this action against Defendant alleging, *inter alia*, unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* ECF No. 1. Having reached a settlement, the parties seek the Court's approval of their proposed settlement agreement (the "Settlement"). *See* Letter, ECF No. 24. For the reasons stated below, the motion to approve the settlement agreement is GRANTED.

**DISCUSSION**

I.     Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accord with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-

length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).  In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims.  *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award.  *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013).  "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'"  *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)).  Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done."  *Id.* (citation omitted).

II.     Analysis

The Settlement provides for Defendant to pay a total of $50,000, with Plaintiff's counsel to receive approximately one-third of the settlement: $16,500.  Letter at 4, 5; Settlement Agreement ¶ 2, ECF No. 24-1.  The parties' letter motion identifies Plaintiff's total possible recovery to be approximately $109,000, if she were to succeed on all of her claims at trial.  Letter at 2.  The parties assert that "[c]onsidering the rough nature of Plaintiff's initial demand and the documents Defendant produced, Plaintiff considers this to be a fair settlement considering her potential range of possible recovery and the great risk of recovering nothing in the litigation."  *Id.*  Additionally, the parties state that they engaged in arms-length bargaining, using an experienced mediator, and there is no evidence of fraud or collusion.  *Id.* at 3.  The Court concludes, therefore, that the Settlement satisfies each of the *Wolinsky* factors.

Moreover, the release provision in the Settlement is not overly broad, as it releases Defendants "from any and all claims, or causes of action that were asserted or could have been asserted in the Action, which includes all claims under the FLSA and [New York Labor Law]."  Settlement Agreement ¶ 3.  The Settlement also contains no confidentiality provision.  *See generally id.*  The Court is, therefore, satisfied that the Settlement is fair and reasonable.

Turning to attorney's fees, Plaintiff's counsel seeks to recover $16,500 in fees and costs, reflecting one-third of the total value of the Settlement.  Letter at 4–5.  The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiff] and [her] counsel."  *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 121 (2d Cir. 2005).  As a check on the reasonableness of attorney's fees, however, courts still calculate the total cost of attorney's hours billed, previously known as the lodestar method.  *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *5 (S.D.N.Y. Feb. 1, 2010).

Plaintiff's counsel's lodestar calculation is $32,617.50 in attorney's fees for work done by Trivella & Forte, LLP.  Billing Records, ECF No. 24.  Counsel on this matter billed 72.55 hours at a rate of $450 per hour.  This rate is reasonable, as "[c]ourts in this District have determined in recent cases that a fee ranging from $250 to $450 is appropriate for experienced litigators in wage-and-hour cases." *Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 437 (S.D.N.Y. 2014) (internal quotation marks and citation omitted); *see also Easterly v. Tri-Star Transp. Corp.*, No. 11 Civ. 6365, 2015 WL 337565, at *10 (S.D.N.Y. Jan. 23, 2015) ("Courts in this District have determined that between $250 and $450 is an appropriate fee for experienced . . . employment litigators.").  Additional hours are billed by various support staff, who billed 1.3 hours at a rate of $150 per hour.  *See* Billing Records.  These rates are also reasonable.  *See, e.g.*, *Long v. HSBC USA Inc.*, No. 14 Civ. 6233, 2016 WL 4764939, at *11 (S.D.N.Y. Sept. 13, 2016) ("[I]n recent FLSA actions, hourly rates between $100 and $150 for paralegal work have been found to be reasonable."); *Asare v. Change Grp. of N.Y., Inc.*, No. 12 Civ. 3371, 2013 WL 6144764, at *19 (S.D.N.Y. Nov. 18, 2013) (approving hourly rate of $150 for paralegals and support staff).  Given these facts, and that "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases," *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015), the Court finds that the fee award is reasonable.

## CONCLUSION

For the reasons stated above, the parties' motion for settlement approval is GRANTED. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: July 23, 2019
      New York, New York

_____
ANALISA TORRES
United States District Judge